MAHALA BRADY, Administratrix, &c., Appellant, *v.* JOHN
B. THOMPSON, impleaded, &c., Appellee.

### APPEAL FROM CASS.

In determining the weight of testimony between two witnesses, the preponderance
should be given to the one whose advantages for being correctly informed as to
the matters in controversy, are the best.

ON the 29th of August, 1853, intestate filed his bill stating
that he, Thompson, and Dutch, were partners in a California en-
terprise, for some five months in 1850; that Thompson and
Dutch had adjusted their accounts, but that he had not adjusted
his accounts with them; that on a proper and fair adjustment of
the partnership account, Thompson was justly indebted to intes-
tate about one-third of $1050, which he refused to adjust; that
as between intestate and Dutch, nothing was due either way.
Bill waived answer on oath and prayed for interlocutory decree,
that parties account—that Dutch be examined as a witness—and
intestate offered to submit to decree if he were found indebted
to either of the parties, and for general relief.

Thompson filed answer admitting the allegations of the bill as
to partnership, and stating that he, intestate and Dutch, in No-
vember, 1850, had a full and final settlement of accounts in all
matters relating to the partnership business, excepting, &c., as
stated in the answer—states that " there was a full payment and
delivery over to each of said partners of his share of the partner-
ship, both as it respects capital and profits." The answer objects
to the examination of Dutch as a witness.

At November term, 1853, cause was referred to the master to
take testimony in relation to settlement between partners, and
report whether there has or has not been a dissolution of part-
nership, and a settlement of partnership transactions. Replica-
tion filed to answer the same term.

Dutch filed his answer 12th May, 1854, disclaiming any inter-
est in the controversy, and denying any indebtment to either
of the other parties.

At November term, 1854, Mahala Brady filed bill of revivor,
suggesting death of intestate, 19th October, 1854, and that she
was appointed his administratrix, and praying that cause be
revived in her name, and for relief, as in original bill. At that
term the cause was so revived, and the court decreed that Dutch
(whose deposition had been taken,) was a competent witness,
and that Thompson had not fully accounted to intestate as
alleged in his answer, and that he (Thompson) account to the
administratrix, and that account be stated by master.

The master disallowed the account exhibited, and claimed in behalf of appellant, and she by her solicitor excepted.

· This case was heard before WALKER, Judge, at May term, 1855, of the Cass Circuit Court.

D. A. SMITH, for Appellant.

H. E. DUMMER and J. GRIMSHAW, for Appellee.

CATON, J. The question in this case is purely one of fact. There is no dispute that Brady, Thompson and Dutch were in partnership for some time in California, and at the close of their business an accounting was had, when a dispute arose in reference to Thompson having received about one thousand dollars of the partnership funds unaccounted for. As between Thompson and Dutch, the settlement was final, and the controversy now is whether it was final also as between Brady and Thompson, and if not, whether Thompson did receive the thousand dollars of partnership funds for which he did not account. We think both these propositions are clearly sustained by the proof. Dutch, one of the partners, testifies that at the close of the concern, it appeared that Thompson had received about one thousand dollars more than he could account for, either by vouchers or entries in his own memorandum book, all of which were allowed him. That in consequence of the peculiar relations existing between the witness and Thompson, he agreed to a division of the effects on hand, and waived all claim on Thompson by reason of the thousand dollars unaccounted for, but that it was expressly agreed as between Brady and Thompson, that Brady's claim against Thompson for his portion of the thousand dollars, should remain open, and should be settled after Thompson should return to the States, Thompson all the time insisting that he had expended the money for the benefit of the concern, and that with time he could make it so appear. All other matters relating to the partnership, were finally settled up between the parties at the time. The defendant now does not attempt to account for the thousand dollars, but insists in his defence, that the settlement in Stockton was final between all the parties, as well of the thousand dollars as of all other matters. In support of this, Marston testifies that he heard Brady state immediately after the settlement between the parties in California, that "If he had not been going home he would not have settled with Thompson in the way in which he did." Conover testifies that he was in and out of the room occasionally during the settlement, but states nothing pertinent to the question. Jackson was also present during a part of the time, "when this subject of the

thousand dollars came up, when Thompson told them that he could not see how he could spend that amount of money except for the concern. Dutch told him he would settle the whole matter, but Brady objected, but finally consented to do it, and take equal part with the balance. This was my understanding of the matter. When Brady refused at first to settle, Mr. Dutch insisted on his doing so." This is the substance of all the evidence bearing on the point. There is nothing in the statement made by Brady to Marston inconsistent with the arrangement as testified to by Dutch. The fact that he was about to start home, may well have induced him to postpone his claim on Thompson for his share of the thousand dollars, till a future time, especially as he could not then coerce it without postponing his return home. Nor, admitting Jackson's means of information to be as good as those of Dutch, is there anything in his testimony absolutely contradictory of the statement of Dutch. But if there were, Dutch's position and means of information as to the true character of the settlement, entitle his statements to vastly more weight than those of Jackson. Dutch understood the whole transaction in all its detail, and his account of the matter is rational and consistent, and carries to our minds a conviction of its truth. He certainly must have known what the understanding of the parties was, and if he has stated it untruly, he has done so willfully and corruptly. Not so with Jackson. He could have had but a partial knowledge of the transaction, and from hearing incidental remarks or partial statements of the parties, was very liable to receive a false impression of the actual agreement between the parties. We think the complainant was entitled to a decree for one-third of the thousand dollars.

The decree of the Circuit Court must be reversed, and the suit remanded, with instructions to the Circuit Court to enter a decree accordingly.

*Decree reversed.*